UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ADAM DAVIS, JR.

VERSUS

THE KOTT LAW FIRM

CIVIL ACTION

NO. 18-623-SDD-EWD

## **NOTICE AND ORDER**

On June 11, 2018, plaintiff, Adam Davis, Jr. ("Plaintiff"), filed "A Complaint under the Civil Rights Act, 42 U.S.C. § 1983" (the "Complaint"),[1] as well as an Application to Proceed in District Court without Prepaying Fees or Costs (the "IFP Application").[2] For the reasons explained herein, Plaintiff's IFP Application is denied, and Plaintiff is ordered, if he wishes to proceed in prosecuting this action in this Court, to pay the $400.00 filing fee within twenty-one (21) days of this Notice and Order. Additionally, in the event Plaintiff wishes to proceed in this Court, Plaintiff shall also file, within twenty-one (21) days of this Notice and Order a Notice adequately alleging the citizenship of Plaintiff and defendant, the Kott Law Firm ("Defendant"). Plaintiff is advised that failure to comply with the requirements of this Notice and Order may result in dismissal of this suit without further notice.

With respect to the IFP Application, based on the information provided by Plaintiff, Plaintiff has an income of $20,000.00 and expenses of $3,000.00 per month.[3] Considering Plaintiff's $17,000.00 in disposable income per month, Plaintiff's request to proceed without prepayment of fees or costs is denied. In the event Plaintiff wishes to proceed with prosecuting this action in this Court, Plaintiff is ordered to pay the $400.00 filing fee within twenty-one (21) days of this Notice and Order.

---

[1] R. Doc. 1.

[2] R. Doc. 2.

[3] R. Doc. 2, pp. 1 & 5.

Certified Mail Return Receipt Requested 7004 1160 0003 2648 5966

If Plaintiff chooses to proceed in this Court, the undersigned notes that Plaintiff must also establish that this Court has federal subject matter jurisdiction over his claims. Federal subject matter jurisdiction may be established in two ways. First, pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." Second, pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 exclusive of interest and costs and the parties are completely diverse (*i.e.*, the Plaintiff and Defendant are citizens of different states). Unlike state district courts, which are courts of general jurisdiction and may therefore hear all types of claims, this Court may only entertain those cases over which there is federal subject matter jurisdiction.

Here, notwithstanding the title of Plaintiff's Complaint, Plaintiff does not assert a federal claim and therefore it does not appear that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. Instead, Plaintiff's Complaint raises possible state law legal malpractice/tort and/or breach of contract claims against his former attorney.[4] Accordingly, Plaintiff must establish that this Court has subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff's allegations may satisfy the amount in controversy requirement for jurisdiction under 28 U.S.C. § 1332.[5] However, Plaintiff does not adequately allege his own citizenship or the citizenship of the Defendant and, based on the information submitted, it appears that both Plaintiff and Defendant are citizens of Louisiana.

---

[4] Plaintiff seeks to recover money paid to his former counsel as well as damages for the loss of vehicles that were "taken from me by going to jail." R. Doc. 1, p. 4. Plaintiff alleges that his former counsel "did not represent me the wright [sic] way to the end." R. Doc. 1, p. 4.

[5] Plaintiff would "like to get my money back $10,000 plus $3500.00 hundred dollars that he did not finish his job, and the loss of my two 18 wheeler's one for $157,000 and $167,000 and my dump trailer $76,000 dollars that was taken from me by going to jail…." R. Doc. 1, p. 4.

To adequately allege the citizenship of an individual such as Plaintiff, Plaintiff's domicile must be alleged.[6] It appears that Plaintiff was domiciled in Louisiana at the time he filed his Complaint and that he remains domiciled in Louisiana. Plaintiff commenced this suit while incarcerated, and the return address shown on his Complaint is the East Baton Rouge Parish Prison.[7] Although Plaintiff's Complaint includes a return address for the Parish Prison, the Complaint also provides a Baton Rouge street address as Plaintiff's "present address."[8] Plaintiff thereafter filed a Notice of Change of Address indicating his new address of 3609 Evangeline Street, Baton Rouge, Louisiana.[9] Plaintiff also filed additional documents with the Court on July 3, 2018 which show that he was charged with various offenses by Bills of Information in the 19th Judicial District Court for the Parish of East Baton Rouge in May and October of 2014.[10]

With respect to Defendant's citizenship, an entity's citizenship must be alleged either according to the rules for corporations or, if the entity is not a corporation, the rules for unincorporated associations. The citizenship of a corporation is the corporation's state of incorporation and principal place of business.[11] To allege the citizenship of a limited liability company or other type of unincorporated association, Plaintiff must identify each of the members

---

[6] With respect to natural persons, "[f]or diversity purposes, citizenship means domicile, mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). "A United States citizen who is domicile[d] in a state is a citizen of that state. Thus, with few exceptions, state citizenship for diversity purposes is regarded as synonymous with domicile." *Old Towne Development Group, LLC v. Matthews*, Civil Action 09-224, 2009 WL 3254875, at * 3 (M.D. La. Oct. 8, 2009). "In determining a litigant's domicile, the court may consider a variety of factors, and no single factor is determinative. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Truxillo v. American Zurich Ins. Co.*, Civil Action No. 16-369, 2016 WL 6987127, at * 3 (M.D. La. Oct. 24, 2016) (citing *Coury v. Prot*, 85 F.3d 244. 249 (5th Cir. 1996)).

[7] R. Doc. 1-1.

[8] R. Doc. 1, p. 3.

[9] R. Doc. 3.

[10] R. Doc. 4, pp. 9-10.

[11] *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

of the association and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[12] The same requirement applies to any member of a limited liability company or other type of unincorporated association which is also a limited liability company or unincorporated association.[13] Here, it appears that Defendant is a business entity located in Louisiana. Plaintiff lists a Covington, Louisiana address for the Defendant in his Complaint,[14] and additional documents submitted following the filing of the Complaint indicate that Plaintiff filed an ethical conduct complaint against Joseph Kott, an attorney located in Mandeville, Louisiana.[15]

Plaintiff is advised that, if Plaintiff and The Kott Law Firm are both citizens of the State of Louisiana, this suit will have to be dismissed in this Court because this Court would not have subject matter jurisdiction. If Plaintiff does not wish to proceed with prosecuting this suit in this Court, Plaintiff shall file, within twenty-one (21) days of this Notice and Order, a Notice of Dismissal. The dismissal would be without prejudice to Plaintiff refiling in another court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs[16] is **DENIED**.

---

[12] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.) ("whenever a partnership, a limited partnership, a joint venture, a joint stock company, a labor union, a religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.") (internal citations omitted).

[13] *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

[14] R. Doc. 1, p. 1.

[15] R. Doc. 4, p. 2.

[16] R. Doc. 2.

**IT IS FURTHER ORDERED** that in the event Plaintiff wishes to proceed with prosecuting this suit in this Court, Plaintiff shall pay, within twenty-one (21) days of this Notice and Order, the $400.00 filing fee.

**IT IS FURTHER ORDERED** that in the event Plaintiff wishes to proceed with prosecuting this suit in this Court, Plaintiff shall file, within twenty-one (21) days of this Notice and Order, a Notice setting out the citizenship of Plaintiff and defendant, The Kott Law Firm, according to the rules set forth herein.

**IT IS FURTHER ORDERED** that, if Plaintiff does not wish to proceed with prosecuting this suit in this Court, Plaintiff shall file, within twenty-one (21) days of this Notice and Order, a Notice of Dismissal. The dismissal would be without prejudice to Plaintiff refiling in another Court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide this Notice and Order to Plaintiff, Adam Davis, Jr., by certified mail return receipt requested at the address listed on PACER.

Plaintiff is **NOTIFIED** that failure to timely comply with this Notice and Order (*i.e.*, failure to timely pay the $400.00 filing fee or failure to adequately allege the citizenship of Plaintiff and Defendant) may result in dismissal of this suit without further notice.

Signed in Baton Rouge, Louisiana, on May 22, 2019.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**