UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ADAM DAVIS, JR.

CIVIL ACTION NO.

VERSUS

18-623-SDD-EWD

THE KOTT LAW FIRM

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 25, 2019.

                              **ERIN WILDER-DOOMES**
                              **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ADAM DAVIS, JR.

VERSUS

THE KOTT LAW FIRM

CIVIL ACTION NO.

18-623-SDD-EWD

### **RECOMMENDATION TO DISMISS**

For the reasons set forth herein, the undersigned recommends that Plaintiff's suit be dismissed for lack of subject matter jurisdiction.

**I.    Background**

On June 11, 2018, plaintiff, Adam Davis, Jr. ("Plaintiff"), filed "A Complaint under the Civil Rights Act, 42 U.S.C. § 1983" (the "Complaint"),[1] as well as an Application to Proceed in District Court without Prepaying Fees or Costs (the "IFP Application").[2] Per the Complaint, Plaintiff named the Kott Law Firm ("Defendant") as defendant.

On May 22, 2019, Plaintiff's IFP Application was denied based on the information provided by Plaintiff indicating that Plaintiff has an income of $20,000.00 and expenses of $3000.00 per month.[3] "In the event Plaintiff wishes to proceed with prosecuting this action in this Court," the May 22, 2019 Order required Plaintiff to pay the $400.00 filing fee within twenty-one (21) days.[4] Additionally, because Plaintiff did not assert a federal claim and because the citizenship of the parties was not adequately alleged in the Complaint, Plaintiff was ordered to file a Notice setting out the citizenship of all parties within twenty-one (21) days.[5] The May 22, 2019

---

[1] R. Doc. 1.

[2] R. Doc. 2.

[3] R. Doc. 5, p. 1, R. Doc. 2, pp. 1 & 5.

[4] R. Doc. 5, p. 1.

[5] R. Doc. 5, p. 5.  As explained in the May 22, 2019 Notice and Order, Plaintiff, who appears to be domiciled in Louisiana, and Defendant, a business entity located in Louisiana, may not be diverse from each other.  If the parties

1

Notice and Order notified Plaintiff that failure to timely pay the $400.00 filing fee or failure to adequately allege the citizenship of Plaintiff and Defendant could result in dismissal of this suit without further notice.[6] A copy of the May 22, 2019 Notice and Order was sent to Plaintiff via certified mail, return receipt requested, to the address listed on PACER.[7] On June 18, 2019, the certified mailing was returned to this Court with the notation "Return to sender. Not deliverable as addressed. Unable to forward."[8]

On June 26, 2019, an Order was issued requiring Plaintiff to personally appear before the undersigned on July 24, 2019 and show cause why Plaintiff's claims should not be dismissed for failure to pay the $400.00 filing fee, lack of federal subject matter jurisdiction, and failure to prosecute.[9] The June 26, 2019 Order was sent to Plaintiff via certified mail, return receipt requested, and a return receipt was filed into the record on July 2, 2019.[10] Plaintiff did not appear

---

are not completely diverse, this Court lacks federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332. *See*, R. Doc. 5, pp. 2-5.

[6] R. Doc. 5, p. 5.

[7] On July 3, 2018, Plaintiff filed a notice of change of address stating his address as: 3609 Evangeline Street, Baton Rouge, Louisiana 70805. R. Doc. 3. Plaintiff's address was updated on PACER and the May 22, 2019 Notice and Order was sent to the 3609 Evangeline address.

[8] R. Doc. 6.

[9] R. Doc. 7. A district court may dismiss an action for failure to prosecute with or without notice to the parties, incident to its inherent powers. *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir. 1982). Pursuant to this Court's local rules, "[e]ach attorney and pro se litigant has a continuing obligation to apprise the Court of any address change." Local Civil Rule 11(a)(5). The failure of a *pro se* litigant to keep the court apprised of a change of address may constitute cause for dismissal for failure to prosecute "when a notice has been returned to a party or the Court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." Local Civil Rule 41(b)(4). As a practical matter, this case cannot proceed without an address where Plaintiff may be reached and where he may receive pertinent pleadings, notices, or rulings. Here, the May 22, 2019 Notice and Order was sent to the address provided by Plaintiff. That certified mailing was returned to the court on June 18, 2019. As set forth herein, the June 26, 2019 Order was also sent to the address provided by Plaintiff. A return receipt was filed into the record regarding the June 26, 2019 Order; however, the receipt was not signed by Plaintiff. Accordingly, it is unclear whether Plaintiff has fulfilled his obligation to keep this Court apprised of his address.

[10] R. Doc. 8. The return receipt is signed by someone other than Plaintiff and does not indicate the signor's relation to Plaintiff.

2

at the July 24, 2019 hearing, and has not filed any response to May 22, 2019 Order or the June 26, 2019 Order.

## II. Analysis

Plaintiff has failed to timely pay the $400.00 filing fee and has not established that this Court has federal subject matter jurisdiction over Plaintiff's claims. As explained in this Court's May 22, 2019 Notice and Order, federal courts have limited jurisdiction, and Plaintiff must establish this Court has federal subject matter jurisdiction if Plaintiff wishes to proceed with his suit in this Court.[11]

Here, notwithstanding the title of Plaintiff's Complaint, Plaintiff does not assert a federal claim and therefore it does not appear that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. Instead, Plaintiff's Complaint raises possible state law legal malpractice/tort and/or breach of contract claims against his former attorney.[12] Accordingly, Plaintiff must establish that this Court has subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff's allegations may satisfy the amount in controversy requirement for jurisdiction under 28 U.S.C. § 1332.[13] However, Plaintiff does not adequately allege his own citizenship or the citizenship of the Defendant and, based on the information submitted, it appears that both Plaintiff and Defendant are citizens of Louisiana.[14] Plaintiff was previously instructed of the requirements for adequately alleging the

---

[11] *See*, R. Doc. 5, p. 2.

[12] Plaintiff seeks to recover money paid to his former counsel as well as damages for the loss of vehicles that were "taken from me by going to jail." R. Doc. 1, p. 4. Plaintiff alleges that his former counsel "did not represent me the wright [sic] way to the end." R. Doc. 1, p. 4.

[13] Plaintiff would "like to get my money back $10,000 plus $3500.00 hundred dollars that he did not finish his job, and the loss of my two 18 wheeler's one for $157,000 and $167,000 and my dump trailer $76,000 dollars that was taken from me by going to jail…." R. Doc. 1, p. 4.

[14] It appears that Plaintiff was domiciled in Louisiana at the time he filed his Complaint and that he remains domiciled in Louisiana. Plaintiff commenced this suit while incarcerated, and the return address shown on his Complaint is the East Baton Rouge Parish Prison. R. Doc. 1-1. Although Plaintiff's Complaint includes a return address for the Parish Prison, the Complaint also provides a Baton Rouge street address as Plaintiff's "present address." R. Doc. 1, p. 3. Plaintiff thereafter filed a Notice of Change of Address indicating his new address of 3609 Evangeline Street, Baton

citizenship of the parties and advised that if "Plaintiff and The Kott Law Firm are both citizens of the State of Louisiana, this suit will have to be dismissed in this Court because this Court would not have subject matter jurisdiction."[15]

"A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction."[16] "A district court can dismiss an action *sua sponte* for lack of federal subject matter jurisdiction…even where the defendant makes no responsive pleadings and does not move to dismiss for want of subject-matter jurisdiction."[17] Here, Plaintiff has not met his burden of establishing that this Court has federal subject matter jurisdiction and therefore this case must be dismissed without prejudice for lack of subject matter jurisdiction.[18]

---

Rouge, Louisiana. R. Doc. 3. Plaintiff also filed additional documents with the Court on July 3, 2018 which show that he was charged with various offenses by Bills of Information in the 19th Judicial District Court for the Parish of East Baton Rouge in May and October of 2014. R. Doc. 4, pp. 9-10. With respect to Defendant, it appears that Defendant is a business entity located in Louisiana. Plaintiff lists a Covington, Louisiana address for the Defendant in his Complaint, and additional documents submitted following the filing of the Complaint indicate that Plaintiff filed an ethical conduct complaint against Joseph Kott, an attorney located in Mandeville, Louisiana. R. Doc. 1, p. 1; R. Doc. 4, p. 2.

[15] R. Doc. 5, pp. 3-4.

[16] *Edwards v. Jackson Hinds Comprehensive Health Center*, 2018 WL 3653761, at * 1 (quoting *Nixon v. Goldman Sachs Mortg. Corp.*, No. 3:16-CV-597-L, 2016 WL 3763425, at *2–3 (N.D. Tex. July 14, 2016) (citing 28 U.S.C. §§ 1331, 1332); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). *See also*, *McKendall v. U.S. Army Corps of Engineers*, Civil Action No. 15-2631, 2016 WL 3218842, at * 1 (E.D. La. June 10, 2016) ("The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.") (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

[17] *Dickens v. TASB Risk Management*, MO:17-cv-00216, 2018 WL 6184804, at * 1 (W.D. Tex. Nov. 21, 2018). *See also*, *Craig v. Our Lady of the Lake Regional Medical Center*, Civil Action 15-814, 2017 WL 1113326, at * 2 (M.D. La. March 23, 2017) ("The Court may dismiss an action *sua sponte* if it 'determines at any time that it lacks subject-matter jurisdiction.'") (citing Fed. R. Civ. P. 12(h)(3)).

[18] In addition to the lack of subject matter jurisdiction, Plaintiff's failure to pay the filing fee also may warrant dismissal. "Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court." *Smithback v. Texas*, No. 07–288, 2007 WL 1518971 at *8 (N.D.Tex. May 24, 2007) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 326, 629–31 (1962)).

### III. Conclusion

For the reasons set forth herein, the undersigned **RECOMMENDS** that this case be dismissed without prejudice for lack of federal subject matter jurisdiction.

**IT IS HEREBY ORDERED** that the Clerk of Court send, via certified mail return receipt requested, and regular mail, a copy of this Order to Plaintiff at the address listed on PACER.

Signed in Baton Rouge, Louisiana, on July 25, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**